E-FILED
Friday, 31 March, 2023 12:34:56 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **WATCHFIRE SIGNS, LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-02128 |
| | ) | |
| **CATALYST OUTDOOR ADVERTISING, LLC, STREET RD OUTDOOR, LLC, STREET RD LAND HOLDINGS, LLC, THADDEUS J. BARTKOWSKI, III, PATRICK WOLFINGTON, JOHN GRABOWSKI**, and **TIM EARLE**, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF WATCHFIRE SIGNS LLC'S**
**MOTION FOR ATTORNEYS' FEES**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff Watchfire Signs LLC ("Watchfire") files this Motion for Attorneys' Fees.

## I. INTRODUCTION

Watchfire is entitled to reasonable attorneys' fees for the drafting of its discovery deficiency letter, meet and confer, motion to compel, and oral argument asking Defendants to produce documents related to Watchfire's veil piercing allegations in response to Watchfire's Requests for Production numbers seventeen (17) through twenty-six (26) ("RFPs 17 – 26"). Under Rule 37, a party who files a successful motion to compel is generally entitled to reasonable expenses incurred in compelling discovery unless the movant failed to confer with the opposing party in good faith, the opposing party was substantially justified in failing to produce the requested discovery, or other circumstances make an award of expenses unjust.

Here, Watchfire is entitled to attorneys' fees. Prior to asking this Court to compel responses

to RFPs 17 – 26, Watchfire sent Defendants two separate letters identifying deficiencies with their objections and conferred in good faith with Defendants over the phone regarding these deficiencies. In its second discovery deficiency letter, Watchfire pointed out that this Court had already determined that Watchfire could discover facts related to veil piercing at this stage of litigation and that Defendants had already produced similar financial documents pursuant to this Court's July 2022 Order granting Watchfire's previous motion to compel. In its July 2022 Order, this Court found that *Mobimeds, Inc.* was analogous to this case, and Watchfire relied on this case in moving to compel Defendants' responses to RFPs 17 – 26.

Despite Watchfire's best efforts, however, Defendants refused to produce ***a single document*** in response to Watchfire's veil piercing discovery requests. This refusal was not substantially justified, and no other circumstances exist to warrant this refusal. At the March 9, 2023 hearing, this Court held that Watchfire could move for its fees relating to the enforcement of these RFPs, (*see* Dkt. No. [64] at 2), and that order serves as the basis for the instant motion. Because Defendants failed to produce ***any*** responsive documents and were not substantially justified in doing so, this Court should grant Watchfire's motion for attorneys' fees and award Watchfire reasonable expenses incurred in compelling these responses.

## II. BACKGROUND AND PROCEDURAL HISTORY

### A. Relevant Procedural History

In its Amended Petition, Watchfire alleges that Catalyst Outdoor Advertising LLC ("Catalyst") did not follow corporate formalities such that it is appropriate and necessary for this Court to pierce the corporate veil between Catalyst entities and between Catalyst and the individual Defendants. (*See* Dkt. No. [23], ¶¶ 58-70.) To substantiate these allegations, Watchfire requested relevant documents such as Catalyst's governing corporate documents, financial statements, and documents sufficient to show that Catalyst and its affiliated entities maintain separate bank

accounts, among others, through RFPs 17 – 26. (*See* Dkt. No. [52-12].) Catalyst refused to provide ***any*** documents in response to these requests, arguing that this information is proprietary, a trade secret, and irrelevant. (*Id*.) Watchfire therefore drafted and served Defendants with a discovery deficiency letter on December 10, 2021, arguing that Defendants' confidentiality objection to RFPs 17-26 could be remedied via protective order and Defendants' relevance objections were boilerplate. (Dkt. No. [52-3].) Defendants responded to this letter on January 10, 2022, refusing to amend their discovery responses or produce documents in response to these requests. (Dkt. No. [52-4].)

Shortly thereafter, Watchfire discovered that Defendants Patrick Wolfington, Tim Earle, and John Grabowski filed a lawsuit against Thaddeus Bartkowski in Pennsylvania, alleging that Mr. Bartkowksi improperly used personal funds for his own benefit, caused Catalyst to pledge an asset as collateral in direct conflict and breach of another pledge made regarding the same asset, and attempted to liquidate the operating assets of Catalyst to avoid paying creditors. (*See* Dkt. No. [28] at 3). When Watchfire requested that Defendants produce the case file for this lawsuit, Defendants refused, so Watchfire moved to compel the production of these documents (the "PA Motion to Compel"). The Court granted the PA Motion to Compel and ordered Defendants to produce the requested case file. (Dkt. No. [32].) Importantly, in its July 28, 2022 Order, the Court specifically noted that "[t]he similarities between *Mobimeds Inc.* and the present case are apparent" and that the Court agreed with the framework that the *Mobimeds Inc.* Court applied. (*Id.* at 4.) The Court also held that Watchfire could seek discovery related to its veil piercing allegations in pre-trial discovery. *(Id*. at 5.)

Following this Court's Order, Watchfire served ***another*** discovery deficiency letter, again asking Defendants to produce documents in response to RFPs 17-26 but this time highlighting the

fact that the plaintiff in *Mobimeds Inc.* sought several of the same documents as Watchfire. (Dkt. No. [52-13].) Watchfire also notified Defendants that they had already produced several documents related to the tax status or corporate structure of the Catalyst entities in response to the PA Motion to Compel, so any confidentiality interest in these documents had been extinguished. (*Id.*) Defendants still refused to produce any responsive documents, standing on their original objections. (Dkt. No. [52-14].)

When Watchfire subsequently conferred with Defendants regarding their failure to produce these documents, Defendants still refused to produce ***a single responsive document***, instead accusing Watchfire of "retaliating" by seeking documents responsive to RFPs 17 – 26. (Dkt. No. [52-15].) Left with no other option, Watchfire moved this Court to compel Defendants to produce these documents, and on March 3, 2023, the Court granted Watchfire's motion (Dkt. Nos. [52], [64].) The Court also held that Watchfire could move for its fees relating to the enforcement of these RFPs, (*see* Dkt. No. [64] at 2).

**B. Watchfire's retention of Polsinelli PC**

At the outset of this matter, Watchfire engaged Polsinelli PC and agreed upon reasonable hourly rates for the undersigned Polsinelli attorneys to represent Watchfire, as set forth in the attached declaration. (McCarty Decl. ¶¶ 4, 5, 7, 9, 12). Under the terms of the engagement, Watchfire agreed to pay monthly invoices for work performed. (*Id.* ¶ 4.) Watchfire has paid all outstanding Polsinelli invoices in full through January 2023 and will soon pay its February 2023 invoice. (*Id.* ¶ 12.) In drafting its discovery deficiency letters, reviewing Defendants' response letters, conferring regarding RFPs 17 – 26, drafting and filing Watchfire's Motion to Compel, preparing for oral argument, and drafting and filing this attorneys' fee petition, Watchfire has incurred at least $30,000 in attorneys' fees. (*Id.*)

## III. LEGAL STANDARD

Rule 37 "presumptively requires every loser to make good the victor's costs" by requiring the Court to grant reasonable expenses incurred in compelling discovery unless the movant failed to confer with the opposing party in good faith, the opposing party was substantially justified in failing to produce the requested discovery, or other circumstances make an award of expenses unjust. *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994); Fed. R. Civ. P. 37(a)(5). "The burden is on the losing party to avoid assessment of expenses and fees, rather than on the winning party to obtain such an award." *Torres v. Nation One Landscaping, Inc.*, Case No. 1:12-cv-9723, 2017 WL 5296023, at *2 (N.D. Ill. Nov. 13, 2017).

## IV. ARGUMENT

### A. Watchfire Is Entitled to Reasonable Expenses Incurred in Compelling Documents Responsive to RFPs 17-26 Under Rule 37(a)(5).

Rule 37 requires this Court to grant reasonable expenses incurred in compelling discovery unless the movant failed to confer with the opposing party in good faith, the opposing party was substantially justified in failing to produce the requested discovery, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5). Accordingly, Watchfire is entitled to attorneys' fees for the drafting of its discovery deficiency letter, meet and confer, motion to compel, motion for attorneys' fees and oral argument related to RFPs 17-26 because none of these exceptions apply.

As to the first exception, Watchfire conferred with Defendants in good faith. After Defendants served their deficient discovery responses to RFPs 17-26, Watchfire challenged Defendants' objections in a December 10, 2021 letter, noting that their confidentiality objections could be remedied via protective order and their relevance objections were boilerplate. (Dkt. No. [52-3].) Then, following this Court's July 2022 Order allowing Watchfire to discover documents

related to Watchfire's veil piercing allegations, Watchfire issued ***another*** letter challenging Defendants' objections, this time highlighting the fact that the plaintiff in *Mobimeds Inc.* sought several of the same documents as Watchfire and notifying Defendants that they had already produced several documents related to the tax status or corporate structure of the Catalyst entities in response to the PA Motion to Compel. (Dkt. No. [52-13].) When Defendants still refused to produce any responsive documents, Watchfire conferred with Defendants about these requests. (Dkt. No. [52-15].) These efforts satisfy Watchfire's obligation to confer with Defendants in good faith.

As to the second exception, Defendants were not substantially justified in refusing to produce these documents because they did not seek a protective order under Rule 26(c) and there was no genuine dispute that these documents were relevant or confidential. *See Forth v. Walgreen Co.*, No. 17 C 2246, 2019 WL 10255628, at *7 (N.D. Ill. July 10, 2019) ("The test for substantial justification for this purpose is whether there is a genuine dispute."). The Federal Rules specifically provide that a failure to produce documents in response to requests for production is not excused simply because Defendants believed the discovery was objectionable; rather, Defendants needed to seek a protective order under Rule 26(c) if they were not going to produce any documents. Fed. R. Civ. P. 37(d)(2). They did not do so, so their failure to produce ***any relevant documents*** responsive to RFPs 17 – 26 is not justifiable on this basis alone.

In any event, there is no genuine dispute as to whether Watchfire's requested documents were confidential or relevant. As to confidentiality, Watchfire highlighted in its discovery deficiency letters and its motion to compel that (1) confidentiality concerns are generally remedied through a Rule 26(c) protective order; and (2) Defendants had already produced several of Catalyst's internal financial documents, including several governing documents and tax

documents, as part of the Pennsylvania case file that the Court ordered them to produce in its July 2022 Order, thereby extinguishing any confidentiality objection. As to relevance, in *Mobimeds Inc.*, which this Court analogized to the case at bar, the court clearly held that the types of documents Watchfire seeks are relevant to veil piercing allegations. *See Mobimeds Inc. v. E-MedRx Solutions, Inc.*, 2021 WL 3264408, at *4 (C.D. Ill. July 30, 2021); Dkt. No. [32] at 4. And this Court has already found that Watchfire is entitled to discover these documents in pre-trial discovery. (Dkt. No. [32] at 5.) Accordingly, Defendants had absolutely no basis for withholding these documents from Watchfire, let alone substantial justification.

Finally, no circumstances exist that would make an award of reasonable expenses unjust. In fact, Defendants' gamesmanship and misuse of the discovery process in this case make ***not*** awarding Watchfire reasonable expenses unjust because Watchfire will now be forced to review Defendants' responses to RFPs 17 – 26 over a year after Watchfire requested them and after Watchfire has already taken Defendants' depositions. For these reasons, the circumstances of this case would make not awarding Watchfire reasonable expenses for its substantial efforts in obtaining these documents unjust, and this Court should therefore grant Watchfire's Motion for Attorneys' Fees.

**B. Watchfire Is Entitled to At Least $30,000 In Reasonable Attorneys' Fees.**

The Supreme Court has recognized that the lodestar method is "the guiding light of our fee-shifting jurisprudence." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). When applying the lodestar amount, the Court multiplies the number of hours expended in the litigation by a reasonable hourly rate. *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). Additionally, district courts have a "wide latitude" in determining what qualifies as a reasonable use of a lawyer's

time. *Melikhov v. Drab*, 2018 WL 3190824, at *5 (N.D. Ill. May 21, 2018) (citing *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010)).

i. Reasonable Hourly Rate

When determining the reasonableness of a lawyer's hourly rate, the Court attempts to mimic the legal market, considering the quality of the particular lawyers and the amount of time these lawyers devoted to the case. *Fogle v. William Chevrolet/Geo, Inc.*, 275 F.3d 613, 615 (7th Cir. 2001). "The best evidence of a lawyer's quality is the fee he commands in the market." *Id.* Indeed, the Seventh Circuit consistently recognizes that an attorney's "actual billing rate for comparable work is presumptively appropriate to use as the market rate." *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909 (7th Cir. 2007) (citing *People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996)); *see also Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("[T]he best measure of the cost of an attorney's time is what that attorney could earn from paying clients."). Only if the Court is unable to determine an attorney's true billing rate (because the attorney charges on contingency or at a public interest rate) should the Court look to the "next best evidence"—the rate charged by lawyers in the community with similar skill, experience, and reputation. *Muzikowski*, 477 F.3d at 909.

Here, the Court can look to the true billing rates of Watchfire's counsel, set forth in Paragraphs 5, 7, and 9 of the attached declaration, because Watchfire agreed to pay its counsel on an hourly basis as opposed to on contingency or at a public interest rate. *Id*; McCarty Decl. ¶ 4. And because these are the rates Watchfire's counsel command in the legal market, these fees are presumptively reasonable to use as the market rate. *Muzikowski*, 477 F.3d at 909; *see also Gusman*, 986 F.2d at 1150 (recognizing that "lawyers who fetch above-average rates are presumptively entitled to them, rather than to some rate devised by the court"). As a sophisticated business entity seeking millions of dollars in damages from Defendants, Watchfire has hired seasoned litigators

with commensurate levels of experience handling complex civil cases and producing high-quality work product. McCarty Decl. ¶¶ 5, 7, 9. Accordingly, the Court should find that Mr. McCarty, Mr. Zeeck's, and Ms. Kester's hourly rates are reasonable.

ii. Reasonable Hours Expended

The Court should also find that Watchfire expended a reasonable number of hours to compel Defendants to respond to RFPs 17 – 26. Illinois courts routinely recognize that a party can recover for a wide range of tasks related to compelling discovery, including but not limited to drafting discovery deficiency letters, conferring with opposing counsel regarding discovery issues, researching and drafting motions (including attorneys' fee petitions), reviewing opposing briefs, and attending hearings on discovery matters. *See, e.g.*, *Melikhov*, 2018 WL 3190824, at *5 (granting attorneys' fees for the cost of meeting and conferring, bringing motions, attending hearings related to the discovery motions, and preparing the fee petition); *Sonrai Systems, LLC v. Romano*, 2022 WL 4551893, *5 (N.D. Ill. Sept 29, 2022) (granting attorneys' fees to attorney conferences and correspondence related to the discovery motion, research and briefing on the motion, review of opposing briefs, and hearings on the discovery motions).

Here, Watchfire's counsel billed a total of 101.5 hours on entries containing tasks related to their Motion to Compel, itemized by attorney as follows:

- Review Defendants' discovery responses, draft discovery deficiency letter, and review Defendants' response letters—Phil Zeeck (3.9); Kymberly Kester (10.6); Ryan McCarty (5.8)
- Meet and confer regarding discovery issues and send follow-up email memorializing substance of meet and confer; review and respond to opposing counsel's correspondence regarding the same—Kymberly Kester (5.9); Ryan McCarty (8.0)
- Draft and revise Motion to Compel and exhibits—Kymberly Kester (21.3); Ryan McCarty (3.4)

- Prepare for and attend hearing related to Watchfire's Motion to Compel—Kymberly Kester (24.1); Ryan McCarty (3.5)[1]
- Draft and revise the instant petition for attorneys' fees—Kymberly Kester 13.5; Ryan McCarty 1.5

Although Watchfire contends the Court should grant it reasonable attorneys' fees incurred in bringing the entire Motion to Compel (for a total of $54,985) under Rule 37(a)(5), the Court has indicated it will only consider attorneys' fees related to the portion of Watchfire's briefing that relates to Defendants' refusal to produce documents in response to RFPs 17 – 26. Accordingly, Watchfire requests $30,000 in reasonable attorneys' fees.[2]

## V. CONCLUSION

For the reasons stated herein, Watchfire respectfully requests this Court grant its Motion for Attorneys' Fees and award Watchfire $30,000 in reasonable attorneys' fees for compelling responses to RFPs 17 – 26.

Dated: March 31, 2023

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Ryan J. McCarty*

Ryan J. McCarty (ARDC #6288400)
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102
(314) 622-6698
rmccarty@polsinelli.com

Kymberly S. Kester

[1] In preparation for this Court's hearing, the undersigned split up the pending motions, with Ryan McCarty planning to defend against Defendants' Motion to Compel (Dkt. No. [42]) and argue Watchfire's Motion for Sanctions (Dkt. No. [54]) and Kymberly planning to defend against Defendants' Motion to Compel (Dkt. No. [45]) and argue Watchfire's Motion to Compel (Dkt. No. [52]). The undersigned have estimated the number of hours Kymberly Kester spent drafting outlines and preparing for the hearing ***only on Watchfire's Motion to Compel, Dkt. No. [52].***

[2] Watchfire acknowledges that some of its time entries are block billed, containing discrete tasks that are unrelated to its Motion to Compel. Consistent with case law, Watchfire has reduced the amount of these entries by 50% when calculating its requested fee amount of $30,000. *See, e.g.*, *Sonrai Sys. LLC v. Romano*, 2022 WL 4551893, at *6 (N.D. Ill. Sept. 29, 2022).

401 Commerce Street, Suite 900
Nashville, TN 37219
kkester@polsinelli.com
*Attorney for Plaintiff Watchfire Signs, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 31, 2023 he served the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record.

*/s/ Ryan J. McCarty*